| | |
|---|---|
| 1 | COMAR LAW |
| |    D. Inder Comar (SBN 243732) |
| 2 |    *inder@comarlaw.com* |
| | 901 Mission Street, Suite 105 |
| 3 | San Francisco, CA 94103 |
| | Telephone: +1.415.640.5856 |
| 4 | Facsimile: +1.415.513.0445 |
| 5 | *Attorney for Plaintiff* |
| | ECLIPSE IP LLC |

**FILED**

SEP 11 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ECLIPSE IP LLC, | | CASE NO.: C 12 4727 JCS |
| | Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | | |
| OMAHA STEAKS INTERNATIONAL, INC., | | **DEMAND FOR JURY TRIAL** |
| | Defendant. | **VOLUME I of II** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eclipse IP LLC ("Eclipse"), by counsel, complains of defendant Omaha Steaks International, Inc. ("Omaha Steaks"), as follows:

## NATURE OF THIS ACTION

1. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES AND PATENTS

2. Eclipse is a company organized and existing under the laws of Florida and having a principal place of business address at 115 NW 17th Street, Delray Beach, Florida 33444.

3. Eclipse owns all right, title, and interest in and has standing to sue for infringement of United States Patent No. 7,479,899 ("the '899 patent"), entitled "Notification Systems and Methods Enabling a Response to Cause Connection Between a Notified PCD and a Delivery or Pickup Representative" (attached hereto as Exhibit A to this Complaint); United States Patent No. 7,876,239 ("the '239 patent"), entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia" (attached hereto as Exhibit B to this Complaint); United States Patent No. 7,319,414 ("the '414 patent"), entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia" (attached hereto as Exhibit C to this Complaint); United States Patent No. 7,482,952 ("the '952 patent"), entitled "Response Systems and Methods for Notification Systems for Modifying Future Notifications" (attached hereto as Exhibit D to this Complaint); and United States Patent No. 7,119,716 ("the '716 patent"), entitled "Response Systems and Methods for Notification Systems for Modifying Future Notifications" (attached hereto as Exhibit E to this Complaint) (collectively, "the Eclipse Patents").

1

4. On information and belief Omaha Steaks is a corporation incorporated in Nebraska and has its principal place of business at 11030 O Street, Omaha, Nebraska 68137.

5. On information and belief, Omaha Steaks does regular business in this judicial district, and has committed acts of infringement in this judicial district.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Omaha Steaks under Cal. Civ. Proc. Code § 410.10 because Omaha Steaks is transacting business within the State of California and this judicial district; operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this judicial district; and has committed the tort of patent infringement in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## INTRADISTRICT ASSIGNMENT

8. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## DEFENDANT'S ACTS OF PATENT INFRINGEMENT

9. Omaha Steaks has infringed one or more claims of the '899 patent through, among other activities: the use of its electronic order, purchase, and product return status messaging and information systems that include URL links; and providing the users or recipients of electronic messages with authentication, modifications to future electronic messages, and additional information associated with the status of a purchase or return.

10. Omaha Steaks has actively induced and/or contributed to the infringement by others of one or more claims of the '899 patent through, among other activities: by continuing to provide to customers the use of its electronic

2

1  order, purchase, and product return status messaging and information systems that
2  include URL links, after having received notice of its infringement of the '899
3  patent; and by continuing to provide to customers electronic messages with
4  authentication, modifications to future electronic messages, and additional
5  information associated with the status of a purchase or return, after having received
6  notice of its infringement of the '899 patent.

7      11.  Eclipse is informed and believes, and thereupon alleges, that
8  Omaha Steaks' infringement of the '899 patent as set forth herein has been and is
9  willful, deliberate and in disregard of Eclipse's patent rights, and Eclipse is
10 therefore entitled to increased damages up to three times the amount of actual
11 damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

12      12.  Omaha Steaks has infringed one or more claims of the '239
13 patent through, among other activities: the use of its electronic order, purchase,
14 and product return status messaging and information systems that include URL
15 links; and providing the users or recipients of electronic messages with
16 authentication, modifications to future electronic messages, and additional
17 information associated with the status of a purchase or return.

18      13.  Omaha Steaks has actively induced and/or contributed to the
19 infringement by others of one or more claims of the '239 patent through, among
20 other activities: by continuing to provide to customers the use of its electronic
21 order, purchase, and product return status messaging and information systems that
22 include URL links, after having received notice of its infringement of the '239
23 patent; and by continuing to provide to customers electronic messages with
24 authentication, modifications to future electronic messages, and additional
25 information associated with the status of a purchase or return, after having received
26 notice of its infringement of the '239 patent.

27      14.  Eclipse is informed and believes, and thereupon alleges, that
28 Omaha Steaks' infringement of the '239 patent as set forth herein has been and is

3

willful, deliberate and in disregard of Eclipse's patent rights, and Eclipse is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

15. Omaha Steaks has infringed one or more claims of the '414 patent through, among other activities: the use of its electronic order, purchase, and product return status messaging and information systems that include URL links; and providing the users or recipients of electronic messages with authentication, modifications to future electronic messages, and additional information associated with the status of a purchase or return.

16. Omaha Steaks has actively induced and/or contributed to the infringement by others of one or more claims of the '414 patent through, among other activities: by continuing to provide to customers the use of its electronic order, purchase, and product return status messaging and information systems that include URL links, after having received notice of its infringement of the '414 patent; and by continuing to provide to customers electronic messages with authentication, modifications to future electronic messages, and additional information associated with the status of a purchase or return, after having received notice of its infringement of the '414 patent.

17. Eclipse is informed and believes, and thereupon alleges, that Omaha Steaks' infringement of the '414 patent as set forth herein has been and is willful, deliberate and in disregard of Eclipse's patent rights, and Eclipse is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

18. Omaha Steaks has infringed one or more claims of the '952 patent through, among other activities: the use of its electronic order, purchase, and product return status messaging and information systems that include URL links; and providing the users or recipients of electronic messages with authentication, modifications to future electronic messages, and additional

1 information associated with the status of a purchase or return.

2     19.   Omaha Steaks has actively induced and/or contributed to the
3 infringement by others of one or more claims of the '952 patent through, among
4 other activities: by continuing to provide to customers the use of its electronic
5 order, purchase, and product return status messaging and information systems that
6 include URL links, after having received notice of its infringement of the '952
7 patent; and by continuing to provide to customers electronic messages with
8 authentication, modifications to future electronic messages, and additional
9 information associated with the status of a purchase or return, after having received
10 notice of its infringement of the '952 patent.

11     20.   Eclipse is informed and believes, and thereupon alleges, that
12 Omaha Steaks' infringement of the '952 patent as set forth herein has been and is
13 willful, deliberate and in disregard of Eclipse's patent rights, and Eclipse is
14 therefore entitled to increased damages up to three times the amount of actual
15 damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

16     21.   Omaha Steaks has infringed one or more claims of the '716
17 patent through, among other activities: the use of its electronic order, purchase,
18 and product return status messaging and information systems that include URL
19 links; and providing the users or recipients of electronic messages with
20 authentication, modifications to future electronic messages, and additional
21 information associated with the status of a purchase or return.

22     22.   Omaha Steaks has actively induced and/or contributed to the
23 infringement by others of one or more claims of the '716 patent through, among
24 other activities: by continuing to provide to customers the use of its electronic
25 order, purchase, and product return status messaging and information systems that
26 include URL links, after having received notice of its infringement of the '716
27 patent; and by continuing to provide to customers electronic messages with
28 authentication, modifications to future electronic messages, and additional

information associated with the status of a purchase or return, after having received notice of its infringement of the '716 patent.

23. Eclipse is informed and believes, and thereupon alleges, that Omaha Steaks' infringement of the '716 patent as set forth herein has been and is willful, deliberate and in disregard of Eclipse's patent rights, and Eclipse is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

24. Through direct, induced, and contributory infringement Omaha Steaks has injured Eclipse, and Eclipse is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## CLAIMS FOR RELIEF

## COUNT I

**(Patent Infringement of U.S. Patent No. 7,479,899**

**Under 35 U.S.C. § 271, *et seq.*)**

25. Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

26. On January 20, 2009, United States Patent No. 7,479,899, entitled, "Notification Systems and Methods Enabling a Response to Cause Connection Between a Notified PCD and a Delivery or Pickup Representative" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '899 patent. A true and correct copy of the '899 patent is attached as Exhibit A to this Complaint.

27. Eclipse is informed and believes, and thereupon alleges, that Omaha Steaks: (1) has infringed and continues to infringe claims of the '899 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute the literal infringement and/or infringement under the doctrine of equivalents of claims of the '899 patent, and/or has actively induced

6

1 and continues to actively induce others to infringe claims of the '899 patent,
2 literally and/or under the doctrine of equivalents, in this district and elsewhere in
3 the United States.

## COUNT II

### (Patent Infringement of U.S. Patent No. 7,876,239 Under 35 U.S.C. § 271, *et seq.*)

28. Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 27 above and incorporates them by reference.

29. On January 25, 2011, United States Patent No. 7,876,239, entitled, "Secure Notification Messaging Systems and Methods Using Authentication Indicia" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '239 patent. A true and correct copy of the '239 patent is attached as Exhibit B to this Complaint.

30. Eclipse is informed and believes, and thereupon alleges, that Omaha Steaks: (1) has infringed and continues to infringe claims of the '239 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute the literal infringement and/or infringement under the doctrine of equivalents of claims of the '239 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '239 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT III

### (Patent Infringement of U.S. Patent No. 7,319,414 Under 35 U.S.C. § 271, *et seq.*)

31. Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 30 above and incorporates them by reference.

32. On January 15, 2008, United States Patent No. 7,319,414,

7

entitled, "Secure Notification Messaging Systems and Methods Using Authentication Indicia" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '414 patent. A true and correct copy of the '414 patent is attached as Exhibit C to this Complaint.

33. Eclipse is informed and believes, and thereupon alleges, that Omaha Steaks: (1) has infringed and continues to infringe claims of the '414 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute the literal infringement and/or infringement under the doctrine of equivalents of claims of the '414 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '414 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT IV

### (Patent Infringement of U.S. Patent No. 7,482,952 Under 35 U.S.C. § 271, *et seq.*)

34. Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 33 above and incorporates them by reference.

35. On January 27, 2009, United States Patent No. 7,482,952 entitled, "Response Systems and Methods for Notification Systems for Modifying Future Notifications" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '952 patent. A true and correct copy of the '952 patent is attached as Exhibit D to this Complaint.

36. Eclipse is informed and believes, and thereupon alleges, that Omaha Steaks: (1) has infringed and continues to infringe claims of the '952 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute the literal infringement and/or infringement under the

8

doctrine of equivalents of claims of the '952 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '952 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT V
## (Patent Infringement of U.S. Patent No. 7,119,716
## Under 35 U.S.C. § 271, *et seq.*)

37. Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 36 above and incorporates them by reference.

38. On October 10, 2006, United States Patent No. 7,119,716 entitled, "Response Systems and Methods for Notification Systems for Modifying Future Notifications" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '716 patent. A true and correct copy of the '716 patent is attached as Exhibit E to this Complaint.

39. Eclipse is informed and believes, and thereupon alleges, that Omaha Steaks: (1) has infringed and continues to infringe claims of the '716 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute the literal infringement and/or infringement under the doctrine of equivalents of claims of the '716 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '716 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## PRAYER FOR RELIEF

**WHEREFORE,** Eclipse asks this Court to enter judgment against Omaha Steaks and against each of Omaha Steaks' respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

9

  A. An award of damages adequate to compensate Eclipse for the infringement that has occurred, together with prejudgment interest from the date infringement of the Eclipse Patents began;

  B. An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285, including enhanced damages up to and including trebling of Eclipse's damages for Omaha Steaks' willful infringement, and reasonable attorneys' fees and costs; and

  C. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Eclipse hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: September 11, 2012    COMAR LAW

By: _____
D. Inder Comar
Attorney for Plaintiff
Eclipse IP LLC